IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRENT WADE SMITH,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:25-CV-275-L-BN** |
| | § | |
| **MARKWAYNE MULLIN,** Secretary, | § | |
| Department of Homeland Security;[1] | § | |
| **UR M. JADDOU,** Director United States | § | |
| Citizenship and Immigration Services; | § | |
| **JEFFREY W. SAMPSON,** Supervisory | § | |
| Operations Support Specialist; **and** | § | |
| **CONCHETTA MASON,** Section Chief, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

On February 9, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 36) was entered, recommending that the court grant Defendants' Motion to Dismiss ("Motion to Dismiss") (Doc. 12); grant Defendants' Motion to Strike (Doc. 25) Plaintiff's Surreply (Doc. 24); deny Plaintiff's Motion for Leave to File Surreply (Doc. 27); deny Defendants' Motion for Leave to File Surreply (Doc. 28)[2] in support of their Motion to Dismiss; and deny pro se Plaintiff Brent Wade Smith ("Plaintiff") leave to amend his pleadings. On February 22, 2026, Plaintiff filed objections to the Report (Doc. 37), to which Defendants responded on March 6, 2026 (Doc. 38). For the reasons that follow, the court **accepts**

---

[1] The magistrate judge notes in his Report that, although Plaintiff originally named Benjamine C. Huffman as the lead Defendant because he was the then-Acting Secretary of the Department of Homeland Security, Mr. Huffman was replaced by Kristi Noem on January 25, 2026, such that she was automatically substituted for Mr. Huffman pursuant to Federal Rule of Civil Procedure 25(d). As Ms. Noem was replaced by Markwayne Mullin on March 24, 2026, he was automatically substituted for Ms. Noem under Rule 25(d) on this date, and the court **directs** the clerk of court to make a notation on the docket sheet reflecting this change.

[2] The Report notes that this motion was included in the second brief filed by Defendants in support of their Motion to Strike.

**Order – Page 1**

the Report, **overrules** Plaintiff's objections to the Report, and **dismisses** this action and all claims asserted by Plaintiff against all Defendants under the Americans with Disabilities Act ("ADA"); 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964; Section 501 of the Rehabilitation Act of 1973; and the Federal Torts Claim Act ("FTCA").

## I.      Discussion

In support of his recommendation regarding the pending motions, the magistrate judge determined that Plaintiff's employment law claims under the ADA and § 1981 against his employer for failure to promote, failure to accommodate, imposing unequal terms and conditions of employment, and retaliation fail as a matter of law because the United States is not an employer under the ADA, and the entire federal government is excluded from the coverage of the ADA statute;[3] and Section 1981 does not permit claims against the federal government since the statute "contains no explicit waiver of sovereign immunity." Doc. 36 at 12 (citations omitted).

The magistrate judge further determined that Plaintiff's claims—"under Title VII . . . and . . . Section 501 of the Rehabilitation Act of 1973"—similarly fail and should be dismissed with respect to Defendants Jaddou, Sampson, and Mason because under these statutes the head of the Department of Homeland Security (the Secretary in his or her official capacity) is the only proper defendant in an employment discrimination action. The magistrate judge also concluded that: (1) Plaintiff cannot allege a plausible Title VII claim against any Defendant based on discrimination because the Rehabilitation Act provides the exclusive remedy for federal employees alleging

---

[3] In this regard, the magistrate judge explained:

> The ADA prohibits employers from discriminating against qualified employees on the basis of disability. *See* 42 U.S.C. § 12112(a). But the United States is not an "employer" covered by the statute. *See* 42 U.S.C. § 12112(5)(B) ("The term 'employer' does not include the United States … .") (cleaned up); *see also Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003) ("[T]he entire federal government is excluded from the coverage of the ADA.").

Doc. 36 at 12.

**Order – Page 2**

disability discrimination; and (2) any claim by Plaintiff under the Rehabilitation Act is unexhausted and time-barred.

To the extent Plaintiff intended to sue Defendants under the FTCA, the magistrate judge determined that dismissal without prejudice of Plaintiff's FTCA claim against all Defendants is appropriate because such claim "may be brought against only the United States, and not the agencies or employees of the United States," and an FTCA claim against a federal agency or employee rather than the United States must be dismissed for want of jurisdiction. Doc. 36 at 22.

In addition, the magistrate judge determined that dismissal under Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with a court order is appropriate because Plaintiff failed to provide proof that Defendants were properly served despite the magistrate judge's warning of his obligations to comply with Federal Rule of Civil Procedure 4(b) and directive to file proof of proper service by May 5, 2025.

Finally, the magistrate judge recommends that the court not allow Plaintiff to amend his pleadings because the court lacks jurisdiction over his Section 1981 and FTCA claims, and his remaining claims fail as a matter of law for other reasons.

Plaintiff filed objections to the Report on February 22, 2026 (Doc. 37), to which Defendants responded on March 6, 2026 (Doc. 38). Plaintiff contends that the magistrate judge erred by focusing on administrative deficiencies and failing to address the merits or bases for his claims and the incident that triggered this lawsuit. Plaintiff asserts that this incident—which according to Plaintiff's pleadings involved a verbal altercation over a parking space that occurred in the parking lot outside Plaintiff's work place—was so egregious and humiliating that he has sought justice for approximately five years in the hope that he never again faces such an emotional and injurious situation. Plaintiff insists that he is "profoundly disabled" and the fact of his disability

Order – Page 3

is supported by evidence that he has "Chronic Obstructive Pulmonary Disease (COPD) and Chronic Inflammatory Demyelinating Polyneuropathy (CIPD)." Doc. 37 at 2.

In addition, he asserts that: (1) the time for filing this lawsuit was equitably tolled because "the US Postal Service was experiencing delays due to inclement weather, causing the complaint to be untimely filed with the clerk although timely mailed" (2) "named Defendant Kristi Noem was not the proper Defendant in the lawsuit even though [he] cannot sue a government entity and was compelled to choose the Secretary of Homeland Security as the proper Defendant"; and (3) the magistrate judge "seemingly penalize[ed] [him] for failing to attach [to his pleadings] [or] include the original EEOC Complaint and Report of Investigation although [he] refrained from including the documents as Defendants had previously submitted them." *Id*.

The court **overrules** these objections.  At this preliminary stage of the litigation, the court does not focus on the merits of claims or evidence.  Instead, the issue is whether the court has jurisdiction and, if so, whether a plaintiff's pleadings are sufficient to plausibly state a claim upon which relief can be granted. Thus, the magistrate judge did not err in not reaching the merits of Plaintiff's claims. Moreover, the magistrate judge correctly determined that the court lacks jurisdiction over Plaintiff's section 1981 claim, and Plaintiff's remaining claims as pleaded fail because he either sued the wrong party or parties, his claims are not viable under the statutes at issue, or his claims are time-barred and unexhausted.  Therefore, the incident and facts giving rise to Plaintiff's claims are irrelevant.

Plaintiff's reason for failing to timely file this lawsuit does not fall within any of the three tolling categories recognized by the Fifth Circuit. *See Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003) (recognizing three potential bases for equitably tolling the 90-day limitations period: (1) the pendency of a suit between the same parties in the wrong

forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights). Moreover, because Plaintiff is not a prisoner, the "mailbox rule" does not apply to him, and the timeliness of his filing suit is determined from the date his lawsuit was filed, not the date he put his Complaint in the mail.  Moreover, the magistrate judge declined to consider Plaintiff's equitable tolling argument because it was raised for the first time in his surreply that was filed without leave of court, and Plaintiff has not objected to the magistrate judge's recommendation that the court strike his surreply.

Regarding the Complaint of Discrimination or "EEOC Complaint" Plaintiff filed with the Equal Employment Opportunity Commission or EEOC, the magistrate judge simply noted that, although this document was not attached to Plaintiff's Complaint, it was attached to Defendants' Motion to Dismiss and can be considered in ruling on their Motion to Dismiss because it is central to Plaintiff's claims in this action. In so concluding, the magistrate judge correctly applied the appropriate legal standard for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) in determining whether he could consider the EEOC Complaint. Accordingly, contrary to Plaintiff's assertion, the court disagrees that this determination was meant to penalize Plaintiff in any way. Regardless, Plaintiff does not contend that the magistrate judge erred in considering his EEOC Complaint.

With respect to Plaintiff's remaining objection, it is not clear what, if any, error or objection Plaintiff intends to assert by arguing or noting that "named Defendant Kristi Noem was not the proper Defendant in the lawsuit even though [he] cannot sue a government entity and was compelled to choose the Secretary of Homeland Security as the proper Defendant."  The court, therefore, **overrules** this and Plaintiff's other objections to the Report for the reasons stated.

Order – Page 5

This leaves only the issue of whether Plaintiff should be allowed to amend his pleadings before his claims are dismissed.  Rule 15(a)[4] provides that leave to amend shall be "freely" given "when justice so requires," and ordinarily, "a pro se litigant should be offered an opportunity to amend his [or her] complaint before it is dismissed." *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627-28 (5th Cir. 2017) (citing *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)).  Granting leave to amend, however, is not necessary when a plaintiff has pleaded his or her "best case" after being apprised of pleading deficiencies. *Wiggins*, 710 F. App'x at 627 (quoting *Brewster*, 587 F.3d at 768).  Likewise, a district court need not grant a motion to amend if doing so would be an exercise in futility.  *Wiggins*, 710 F. App'x at 627 (citing *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016)).

The court agrees with the magistrate judge that allowing Plaintiff to amend his pleadings under the circumstances is not warranted despite his pro se status, as the court lacks jurisdiction over his Section 1981 and FTCA claims and his remaining claims fail as a matter of law for other reasons such that allowing him to amend his pleadings would be futile and unnecessarily delay the resolution of this litigation. The court also notes that Plaintiff did not request to amend his pleadings either in response to Defendants' Motion to Dismiss or in response to the Report; he did not object to the magistrate judge's recommendation that he not be allowed to amend his pleadings; and he has not explained how he would amend if provided with the opportunity to do so.

---

[4] The decision to allow amendment of a party's pleadings under Rule 15(a) is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp*., 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Order – Page 6

## II.     Conclusion

Having considered the parties' Motions, pleadings, file, the record in this case, and Report, and having conducted a de novo review of those portions of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.  The court, therefore, **overrules** Plaintiff's objections to the Report (Doc. 37); **grants** Defendants' Motion to Dismiss (Doc. 12); **grants** Defendants' Motion to Strike (Doc. 25) Plaintiff's Surreply (Doc. 24); **strikes** Plaintiff's Surreply (Doc. 24) and **directs** the clerk of court to make a notation on the docket sheet that Document No. 24 has been "STRICKEN" pursuant to this order; **denies** Plaintiff's Motion for Leave to File Surreply (Doc. 27); **denies** Defendants' Motion for Leave to File Surreply (Doc. 28) in support of their Motion to Dismiss; and **denies** Plaintiff leave to amend his pleadings.

Accordingly, Plaintiff's Section 1981 and FTCA claims are **dismissed without prejudice** under Rule 12(b)(1) for lack of jurisdiction; Plaintiff's ADA claim is **dismissed with prejudice** under Rule 12(b)(6) for failure to state a claim upon which relief can be granted because the entire federal government is excluded from the coverage of the ADA;[5] and Plaintiff's claims under Title VII and the Rehabilitation Act are **dismissed with prejudice** under Rule 12(b)(6) as time-barred.[6]

---

[5] The court notes that Defendants moved to dismiss Plaintiff's ADA claim with prejudice under Rule 12(b)(6). Citing the statute and the Fifth Circuit's opinion *Henrickson v. Potter*, the magistrate judge concluded that this claim should be treated the same as Plaintiff's Section 1981 claim for which sovereign immunity was not waived and jurisdiction was lacking. In researching this issue, the court was unable to find any case dismissing without prejudice for jurisdictional reasons an ADA claim that failed for the reason Plaintiff's claim here fails—because the ADA expressly precludes claims against the entire federal government. In *Henrickson*, the Fifth Circuit affirmed the dismissal of the plaintiff's ADA claim on this ground, and review of the docket sheet in the district court case and the judgment entered by the district court reveal that this claim and all of the plaintiff's claims were dismissed with prejudice. Similarly, in *Denham v. Watkins*, dismissal with prejudice of an ADA on this ground was affirmed by the Fifth Circuit. *See Denham v. Watkins* 2024 WL 4403871, at *3 (5th Cir. Oct. 4, 2024) (citing *Smith v. Potter*, 400 F. App'x 806, 812 (5th Cir. Oct. 13, 2010)). The court, therefore, determines that dismissal with prejudice of Plaintiff's ADA claim under Rule 12(b)(6) as requested by Defendants is appropriate.

[6] Plaintiff's Title VII and the Rehabilitation Act also fail for the other alternative reasons explained by the magistrate judge.

**Order – Page 7**

As no claims remain, and the court has determined that Plaintiff should not be allowed to amend his pleadings, judgment will by separate document as required by Federal Rule of Civil Procedure 58.

It is so ordered this 3rd day of June, 2026.

Sam A. Lindsay
United States District Judge